IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS PEREA, on behalf of plaintiff and the class members described herein, <br><br> Plaintiff, <br><br> vs. <br><br> GALAXY PORTFOLIOS, LLC; RAUSCH, STURM, ISRAEL, ENERSON & HORNIK LLP d/b/a RAUSCH STURM, <br><br> Defendants. | 1:20-cv-515 |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Carlos Perea, brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Rausch, Sturm, Enerson & Hornik, LLP, doing business as Rausch Sturm ("Rausch Sturm") and Galaxy Portfolios, LLC ("Galaxy"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

-1-

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Plaintiff was misled, confused and intimidated by the conduct complained of herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by Plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Carlos Perea is a resident of the Northern District of Illinois.

11. Defendant Galaxy is a limited liability company organized under the law of Nevada with its principal office at 4730 S. Fort Apache Rd., Ste. 300, Las Vegas, NV 89147. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12. Defendant Galaxy is engaged in the principal business of acquiring (or allegedly acquiring) and liquidating defaulted consumer debts.

13. Defendant Galaxy liquidates the debts by (a) filing lawsuits or substituting itself as plaintiff in existing lawsuits against consumers and (b) hiring others to dun consumers.

14. The mails and telephone system are used in connection with such activities.

15. Defendant Galaxy has no source of income other than the liquidation of consumer debts.

16. Defendant Galaxy is a debt collector as defined in the FDCPA.

17. Defendant Rausch Sturm is a collection law firm organized as a limited liability partnership organized under the law of Wisconsin with principal offices at Maplewood Executive Center, 250 N. Sunny Slope Rd., Suite 300, Brookfield, WI 53005. It does business in Illinois. Its registered agent and office is Business Filings Incorporated, 600 S Second Street, Suite 104, Springfield, IL 62704-2550.

18. Rausch Sturm has a website (https://www.rauschsturm.com/) on which it states: "For the past 40 years, our firm has represented financial institutions and creditors. In that role, we have worked with our client's customers to resolve financial setbacks to get both parties back

on the right track. . . . [¶] If you received a letter or call from our firm, it means your bank or creditor has enlisted our services to help resolve the outstanding debt you owe. Our Resolution Specialist Team are committed to working with you to find a suitable plan for resolving your debt."

19. Rausch Sturm uses the mails and telephone system in connection with its business.

20. Rausch Sturm is a debt collector as defined in the FDCPA.

## FACTS

21. On January 2, 2008, Worldwide Asset Purchasing, LLC, filed a lawsuit in Kane County, Illinois, Circuit Court against Carlos Perea, case 08 SC 48.

22. The underlying debt was a credit card obtained for personal, family or household purposes and not for business purposes.

23. On January 30, 2008, Worldwide Asset Purchasing, LLC, obtained a judgment for $2,835.44 plus $205 costs and $350 attorney's fees, or a total of $3,390.44.

24. Galaxy Portfolios, LLC claims to have purchased the judgment from Worldwide Asset Purchasing, LLC.

25. On December 19, 2019, Rausch Sturm, as attorney for Galaxy, filed a petition to revive the 2008 judgment with the Kane County Circuit Court. It was served on Mr. Perea (via his wife) in January 2020, with a summons. A copy of the petition and summons is in Appendix A.

26. The petition stated that as of November 28, 2019, interest at the rate of 9% amounts to $6,361.86.

27. This allegation is informational; i.e., the judgment is not revived in a specific amount and the court does not find that a particular amount is owed.

28. Simple interest at 9% on $3,390.44 for 12 years (slightly longer than the period stated in the petition) is not $6,361.86. It is $305.14/ year, or a total of $3,661.68. This assumes that no payments or credits apply.

29. By inflating the interest claim, Defendants conveyed false information to Plaintiff in an intimidating manner.

30. On information and belief, Defendants use computers to calculate interest, so that any calculation error would be made on a uniform basis for Illinois.

31. Galaxy claims to have hundreds of old judgments against Illinois consumers.

32. Rausch Sturm regularly represents Galaxy and other judgment creditors.

33. On information and belief, Defendants regularly miscompute interest against the consumers.

34. Plaintiff was forced to retain counsel to file an appearance, pay an appearance fee, and represent him at the petition to revive judgment hearing held on January 22, 2020 at 9:00 am in the Kane County Courthouse.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-33.

36. Defendants violated 15 U.S.C. §1692e, 1692e(2) and 1692e(10) by misstating the amount of the debt.

37. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)  The false representation of—

(A)  the character, amount, or legal status of any debt; . . .

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

38. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).  The two classes may be coterminous.

39. The Galaxy class consists of (a) all individuals (b) who are judgment debtors in an Illinois court (c) to whom Galaxy represented (directly or through counsel) (d) that they owed an amount of interest on a judgment (e) in excess of 9% simple interest on the amount outstanding from time to time (f) which representation was made on or after a date one year prior to the filing of this action.

40. The Rausch Sturm class consists of (a) all individuals (b) who are judgment debtors in an Illinois court (c) to whom Rausch Sturm represented (on behalf of Galaxy or anyone else) (d) that they owed an amount of interest on a judgment (e) in excess of 9% simple interest on the amount outstanding from time to time (f) which representation was made on or after a date one year prior to the filing of this action.

41. On information and belief, based on the number of judgments Galaxy has and the number of cases in which Rausch Sturm has appeared, each class is so numerous that joinder of all members is not practicable.

42. There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    How Defendants calculate the amount due on judgments;

    b.    Whether Defendants seek more than 9% simple interest on the amount outstanding from time to time;

    c.    Whether Defendants thereby violate the FDCPA.

43. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i.    Actual damages;

    ii.    Statutory damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

                        */s/ Daniel A. Edelman*
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Daniel S. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)